RICHARD B. McGLYNN, INDIVIDUALLY AND THE COMMITTEE TO ELECT RICHARD B. MCGLYNN GOVERNOR, PLAINTIFFS-APPELLANTS, v. NEW JERSEY PUBLIC BROADCASTING AUTHORITY, NEW JERSEY NIGHTLY NEWS AND WNET CHANNEL 13 TELEVISION, DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued May 27, 1981—Decided May 27, 1981.

Before Judges ALLCORN, MICHELS and MILMED.

*B. Theodore Bozonelis* argued the cause for the appellants.

*James R. Coley*, Jr. argued the cause for the intervenor appellant, John K. Rafferty.

*Stephen A. Herman*, Deputy Atty. Gen., argued the cause for the respondent New Jersey Public Broadcasting Authority (*James R. Zazzali*, Atty. Gen., attorney).

No one appeared and no brief was filed on behalf of any other of the respondents.

PER CURIAM.

There is no question but that the Legislature has established, principally for the benefit of the public, a policy in aid of broad exposure of the persons seeking party nomination as candidate for governor, and for broad dissemination of the views of such persons on the pertinent issues. *N.J.S.A.* 19:44A–39 a. Running through and part of this policy also is the imperative of equal time. *Id.*

In the light of the policy, as well as the specific terms of the foregoing statute, it is our view that provision must be made by the defendants, individually and collectively, so that each of the persons seeking the nomination of the Republican Party for governor is entitled to have broadcast forthwith by those of the respective television stations which, on May 25 and May 26,

1981, broadcast segments of the videotaped interviews of questions and answers of four of said persons seeking the said nomination, the same segments of such videotaped interviews; and that such videotaped segments be broadcast during the same news report, at approximately the same hours as the segments heretofore broadcast by said television stations on May 25 and May 26.

It is our further view that, if any one or more of the defendants shall broadcast any additional segment or segments of the said videotaped interviews of questions and answers, the same segment of question and answers of all remaining candidates for the Republican nomination for governor shall also be broadcast by the same station, at the same time.

Accordingly, the action of New Jersey Public Broadcasting Authority is reversed and the cause is remanded to the Authority for further proceedings consistent herewith. The defendant television stations hereby are directed to carry out the action mandated by this court as set forth in this opinion.